FILED

APR 18 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEAN YANDELL, | No. C 06-808 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| R. KIRKLAND, warden, | |
| Respondent. | |

Ronald Dean Yandell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence imposed on March 18, 2004. See Petition, p. 2. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Prisoners in state custody who want to challenge either the fact or length of their confinement by a petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 4-5. The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if an appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of the

state court action before his state remedies are considered exhausted).

Yandell's petition discloses that his petition for review was denied by the California Supreme Court in June 2005, that he did not raise the same issues on direct appeal as in the present habeas petition, and that he now has a habeas petition pending in the California Supreme Court. See Petition, pp. 4, 5. He must present his claims to the California Supreme Court to give that court a fair opportunity to rule on the merits of his claims before this court may entertain such claims. Until his state court proceedings have concluded, a habeas petition in this court is premature. The petition is DISMISSED without prejudice because Yandell did not exhaust state court remedies before filing his federal petition.

The dismissal is without prejudice to Yandell filing a new federal habeas petition after he exhausts his state court remedies. He is cautioned not to file an amended petition in this action and not to use the case number for this action because this action is being closed today. When he files a new petition, he should put no case number on the first page, and should submit the petition with the $5.00 filing fee or a completed in forma pauperis application. At that time, the court will give the new petition a new case number. Yandell need not file the trial transcripts with his next petition. Yandell is cautioned that he must act promptly to file his next federal habeas petition if and when his state habeas petitions are denied to comply with the statute of limitations for a federal habeas petition, see 28 U.S.C. § 2244(d).

Yandell's motion to amend to substitute in the current warden as the respondent is GRANTED. (Docket # 3.) His "motion in support of writ of habeas corpus" is DISMISSED because it does not request any court action. (Docket # 2.)

IT IS SO ORDERED.

DATED: 4/18/06

Marilyn Hall Patel
United States District Judge